UNITED STATES of America,
Plaintiff–Appellee,

v.

Willie BREWER, Defendant–Appellant.

No. 00–4156.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 2, 2001 *.

Decided Oct. 2, 2001.

Before Hon. RICHARD A. POSNER, Hon. FRANK H. EASTERBROOK, Hon. TERENCE T. EVANS, Circuit Judges.

### Order

Following his conviction for bank robbery, using a firearm during a crime of violence (the bank robbery), and being a felon in possession of a firearm that had traveled in interstate or foreign commerce, Willie Brewer raises a single contention on appeal: That the evidence does not show that the firearm ever moved in interstate or foreign commerce. A challenge to the sufficiency of the evidence usually is wasted on an appellate court and is unavailing here.

■ Evidence showed that a black revolver kept in Brewer's home had been made in Brazil. Although Brewer insists that this gun belonged to his wife (who used it in her job as a security guard) and that he had nothing to do with it, the gun's long-term presence in the household might be sufficient to support an inference that Brewer exercised some control over it and thus possessed it within the meaning of 18 U.S.C. § 922(g)(1). And there is more. The bank's teller testified that Brewer brandished a revolver that looked like the weapon recovered from his home. If the jury was entitled to conclude that the revolver used in the bank robbery was the one kept at his home, then the evidence was conclusive.

Testimony to the effect that "X looks like Gun Y," when combined with proof that the defendant had ready access to Gun Y, is sufficient to support an inference that X (which defendant pointed at the teller) was Gun Y. See *United States v. Patterson*, 23 F.3d 1239 (7th Cir.1994); *United States v. Roberts*, 933 F.2d 517 (7th

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Cir.1991). During the robbery Brewer wore his wife's security-guard shirt and cap, and he wore her holster too. A sensible jury could conclude that the gun he drew from her holster—a gun looking like her black revolver—*was* her black revolver.

■ To accept Brewer's position we would have to conclude that no one may be convicted of a firearms offense unless he is arrested with the gun in his hand; otherwise one cannot exclude the possibility that the gun was manufactured in the same state in which it was possessed. But evidence need not exclude every possibility of innocence in order to support a conviction. A reasonable jury could (and did) conclude that Brewer possessed a firearm that came from outside Illinois.

AFFIRMED